# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
January 9, 2024 Session

## CHAUNCEY HOPKINS v. UNITED PARCEL SERVICE, INC.

### Appeal from the Circuit Court for Shelby County
### No. CT-2657-21      Mary L. Wagner, Judge

_____

### No. W2023-00318-COA-R3-CV

_____

Plaintiff appeals the trial court's decision to exclude his experts and to grant summary judgment to the defendant. Because plaintiff has appealed a non-final judgment and the record on appeal is incomplete, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Danny C. Garland, II, Knoxville, Tennessee, for the appellant, Chauncey Hopkins.

Robert A. Cox and Ronna D. Kinsella, Memphis, Tennessee, for the appellee, United Parcel Service, Inc.

### MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2021, Plaintiff/Appellant Chauncey Hopkins ("Plaintiff") filed a

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

complaint for damages against Defendant Bernard Moore and Defendant/Appellee United Parcel Service, Inc. ("UPS" or "Defendant") in the Shelby County Circuit Court ("the trial court"). Therein, Plaintiff alleged that he was injured in an automobile accident with a UPS truck driven by Mr. Moore in the course and scope of Mr. Moore's employment with UPS. Specifically, Plaintiff alleged that Mr. Moore "abruptly slowed down to make a right turn into a private drive for a UPS facility"; "was using his cell phone at the time and failed to use his turning signal prior to making the right turn"; and "swerved his vehicle to the left, crossing at least partially into the left lane, then veered back through the right lane as he attempted to turn into the UPS facility." Mr. Moore's negligence, Plaintiff submitted, caused Plaintiff to rear-end the UPS truck, as Plaintiff "did not have an opportunity to avoid the collision[.]" Plaintiff raised claims for negligence; negligence per se; negligent hiring, training, supervision, and entrustment; and vicarious liability. According to Plaintiff, as a result of the collision, he suffered serious physical injuries, resulting in medical bills, lost wages, and pain and suffering totaling $1,000,000.00.

UPS filed an answer on December 27, 2021. Mr. Moore, however, was not promptly served with the complaint. So UPS moved for a show cause order explaining why Plaintiff intentionally delayed service on Mr. Moore, and for an order dismissing the case in its entirety as time-barred.

In December 2021, UPS sent its first written discovery requests to Plaintiff. Of note to this appeal, UPS's interrogatories asked Plaintiff to provide specific information concerning his experts, including "a full and current copy of the curriculum vitae of any expert You intend to call at the trial of this matter." The interrogatory warned that if Plaintiff failed to comply, UPS would object to Plaintiff offering expert testimony in the future. Plaintiff eventually responded to UPS's requests on February 22, 2022, indicating that he had "not decided on which, if any, expert witnesses may be called at trial[.]" Plaintiff therefore reserved the right to supplement his response.

On April 18, 2022, UPS filed a motion for Rule 11 sanctions against Plaintiff and filed a motion to compel Plaintiff to respond to discovery, related to what UPS deemed Plaintiff's deficient discovery responses. UPS also asked that its requests for admission be deemed admitted.

On June 21, 2022, the trial court entered an order adjudicating several of UPS's requests. Specifically, the trial court (1) denied UPS's motion to dismiss; (2) granted UPS's motion to deem admitted several requests for admission; (3) granted UPS's motion to compel as to a number of interrogatories; and (4) denied, without prejudice, UPS's motion for Rule 11 sanctions. On the same day, the parties entered into an agreed scheduling order, which provided that Plaintiff's expert disclosures were due on October 7, 2022; this date was later extended to October 24, 2022 by apparent agreement of the parties.[2]

_____

[2] As discussed, *infra*, although the parties appear to agree that this was the relevant date, the order

Plaintiff was thereafter permitted to amend his complaint; the amended complaint named only UPS as a defendant. UPS answered the amended complaint and filed a motion to dismiss and to strike portions of the amended complaint.

On October 13, 2022, Plaintiff filed supplemental responses to UPS's interrogatories. Relevant to the question regarding experts, Plaintiff disclosed four experts: Apurva Rashmikant Dalal, M.D., a causation expert; David R. Strauser, Ph.D., a vocational expert; Robert Vance, C.P.A., a lost earning capacity expert; and Jason Walton, an accident reconstructionist. Plaintiff described generally what each expert would testify to, explained the vague grounds for each expert's opinion, and then stated that each expert's "qualifications and CV will be provided." Plaintiff also stated that a list of past cases each expert was involved with would be provided and that an expert report would be provided.

On November 3, 2022, UPS filed a motion to strike Plaintiff's "purported 'expert disclosures,'" based on Plaintiff's deficient and untimely disclosures. Plaintiff responded in opposition on November 14, 2022, admitting that his responses were "incomplete in that the Plaintiff had not received the latest copies of the CV's, case lists or any report of its experts," Plaintiff argued that he "provided ample information to allow the Defendant to identify the identity of the experts and the general areas of expertise which they were intended to testify."

UPS filed a reply to Plaintiff's response on November 16, 2022, ostensibly to inform the trial court of "several events [that] have transpired" since it filed its initial motion to strike. Therein, UPS noted that in addition to the deficient expert disclosures, Plaintiff allegedly refused to provide available dates for UPS to depose Plaintiff. UPS further asserted that on November 8, 2022, after the expert disclosure deadline, Plaintiff did provide UPS with CVs and "case lists" for his experts, but UPS asserted that other required information was still not disclosed and the case lists were insufficient. For example, Plaintiff failed to identify a single case that Dr. Dalal had previously testified in within the last four years. Plaintiff then updated his disclosures once again on November 9, 2022, to disclose the total compensation paid to each expert. Finally, on November 14, 2022, Plaintiff produced an expert report from Dr. Dalal, but the report, according to UPS, failed to identify the specific documents he relied upon. And the report indicated that Plaintiff did not appear for the medical examination until November 2, 2022, after the expert disclosure deadline. Because of the late and still deficient expert disclosures, UPS asked that the entire action be involuntarily dismissed.

On November 17, 2022, UPS filed a motion for summary judgment and a statement of undisputed material facts. In its motion, UPS recited the issues that it had experienced in discovery with Plaintiff and the fact that Plaintiff had not requested an extension of time for additional discovery. UPS therefore argued that because "there is no testimony or other form of admissible evidence presented by the Plaintiff which can be used to support his

setting this date is not included in the appellate record.

claims in this case[,]" UPS "is entitled to summary judgment in this case."[3]

Plaintiff responded to UPS's motion for summary judgment, arguing that even if the trial court struck Plaintiff's experts, "Plaintiff has an absolute right to testify in his own cause and cannot be stricken as such." Plaintiff further asserted that the only facts in the record are contained in his complaint and create triable issues as to the negligence of UPS's employee and whether the claim of negligence per se is valid. In support of his argument, Plaintiff filed a statement of alternative material facts; each of the facts was supported by a reference to the amended complaint.

On December 16, 2022, the trial court entered an order granting in part and denying in part UPS's motion to strike Plaintiff's experts. Therein, the trial court ruled that

> Plaintiff has had numerous deficiencies in responding to discovery and has been granted numerous extensions and additional time to answer discovery and to comply with the Scheduling Order deadlines set by this Court. Most of those extensions, if not all of them, have been given over the Defendant's strenuous objections. The deadline for the Plaintiff to disclose his experts in this matter was extended, over Defendant's objections, to October 24, 2022. Plaintiff's counsel agreed to the October 24, 2022 deadline. The "expert disclosures" that were on file for the Plaintiff as of October 24th are the supplemental answers to interrogatories filed by the Plaintiff on October 13th. Following a review of these supplemental answers, the Court finds that the "disclosures" of Dr. Dalal, Dr. Strauser, Mr. Vance and Mr. Walton are not in compliance with Rule 26.03. The Court will therefore strike each of Plaintiff's proposed experts as they were not properly identified.

The trial court denied, however, UPS's request that the action be involuntarily dismissed in its entirety.[4]

On February 2, 2023, UPS filed a reply in support of its motion for summary judgment, arguing that Plaintiff failed to respond to the motion by pointing to evidence, rather than his complaint. On the same day, UPS also renewed its motion for Rule 11 sanctions, seeking attorney's fees, expenses, and other monetary sanctions. A hearing on the pending motion for summary judgment was held on February 8, 2024. Plaintiff responded in opposition to UPS's renewed motion for Rule 11 sanctions on February 24, 2023, asking that the motion be denied.

On February 28, 2023, the trial court entered an order granting UPS's motion for

---

[3] UPS also relied on a memorandum of law in support of its motion for summary judgment, but, as discussed, *infra*, that memorandum is not part of the appellate record.

[4] This order was later re-entered on February 9, 2023.

- 4 -

summary judgment. Therein, the trial court ruled that Plaintiff did not meet his burden under Rule 56.06 of the Tennessee Rules of Civil Procedure because his response to summary judgment "rest[ed] on his mere allegations as contained within his Complaint." In light of Plaintiff's failure to deny any of UPS's proffered material facts or submit facts of his own, the trial court ruled that UPS "demonstrated that the Plaintiff cannot prove any of the essential elements of his claim, namely duty, breach of duty, causation or damages, and therefore the Defendant is entitled to Summary Judgement as a matter of law." Plaintiff then filed a notice of appeal to this Court on March 3, 2023.

## II. ANALYSIS

On appeal, Plaintiff raises two issues related to the trial court's exclusion of his experts and the grant of summary judgment to UPS. UPS raises an additional issue requesting attorney's fees incurred in this appeal. Under Rule 13 of the Tennessee Rules of Appellate Procedure, however, this Court is also charged with considering whether this Court has subject matter jurisdiction, whether or not the issue is presented for review. Tenn. R. App. P. 13(a). After our review, we conclude that we lack subject matter jurisdiction over this appeal.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Est. of Henderson*, 121 S.W.3d at 645. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *But see* Tenn. R. App. 9 (governing discretionary interlocutory appeals for which no final judgment is necessary); Tenn. R. App. 10 (discussing discretionary extraordinary appeals for which no final judgment is necessary).

In this case, all of the claims of all of the parties have not been resolved. Specifically, on February 2, 2023, UPS renewed its motion for Rule 11 sanctions, seeking an award of attorney's fees incurred in defending against Plaintiff's claims. The trial court specifically contemplated that the Rule 11 request could be renewed when it denied UPS's first motion without prejudice. The record on appeal, however, contains no order adjudicating UPS's renewed request for sanctions. As such, at least from what we can glean from the record, this request, filed well before the trial court entered its order granting summary judgment to UPS, is still pending.[5]

---

[5] Plaintiff clearly viewed the renewed Rule 11 sanctions motion as a live controversy notwithstanding that the motion for summary judgment had been heard, as Plaintiff responded to the Rule

Generally, the failure to finalize an award of attorney's fees renders an order non-final for purposes of this Court's subject matter jurisdiction. *See, e.g.*, ***City of Jackson v. Hersh***, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009) ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."); ***Scott v. Noland Co.***, No. 03A01-9407-CV-00248, 1995 WL 11177, at *1 (Tenn. Ct. App. Jan. 12, 1995) ("Since there is no order in the record before us finally disposing of the Plaintiffs' claim for attorney fees at the trial level, the 'Final Judgment' from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)."). This principle has been applied to attorney's fees sought as Rule 11 sanctions. *See* ***Watson v. Bradley Cnty. Sch. Bd.***, No. E2010-00964-COA-R3-CV, 2011 WL 332669, at *1 (Tenn. Ct. App. Jan. 28, 2011) ("We conclude that because the Trial Court has yet to rule on the defendants' motion for Rule 11 sanctions, there is no final judgment. Accordingly, we dismiss the appeal and remand this case for further proceedings consistent with this Opinion.").

It is true that this Court may suspend the finality requirement for good cause shown. *See* ***Bayberry Assocs.***, 783 S.W.2d at 559 (holding that the finality requirement of Rule 3(a) of the Tennessee Rules of Appellate Procedure could be waived under Tenn. R. App. P. 2, which allows the suspension of our appellate procedure rules for good cause, except as to certain rules not applicable here). As this Court has explained,

> We have previously found good cause to suspend the final judgment requirement, inter alia, where the judgment appealed adjudicated all of the rights of a party and a delay would prejudice the party's rights, *see* ***White v. Johnson***, 522 S.W.3d 417, 421 n.1 (Tenn. Ct. App. 2016); where the trial court's reasoning applied equally to both the adjudicated and non-adjudicated claims, *see* ***Utley v. Tennessee Dep't of Correction***, 118 S.W.3d 705, 711 n.9 (Tenn. Ct. App. 2003); where a case has been ongoing for over ten "tortured" years and is on its third appeal, *see* ***Ruff v. Raleigh Assembly of God Church, Inc.***, No. W2001-02578-COA-R3-CV, 2003 WL 21729442, at *5 (Tenn. Ct. App. July 14, 2003); and where the judgment did not adjudicate claims against certain defendants but the pleadings contained "no competent allegations regarding the defendants in any of the pleadings." *See* ***Ravenwood Homeowners Ass'n v. Bailey***, No. C.A. 758, 1988 WL 87676, at *2 (Tenn. Ct. App. Aug. 26, 1988).

***Levitt, Hamilton, & Rothstein, LLC v. Asfour***, 587 S.W.3d 1, 10 (Tenn. Ct. App. 2019). None of these considerations is present in this case.

---

11 motion after the hearing on UPS's motion for summary judgment. And while the trial court re-entered its order granting UPS's motion to strike on February 9, 2022, a few days following the renewed motion for sanctions, this Order states only that "[a]t this time, the [c]ourt does not find the need to issue other sanctions *in the form of dismissal*." (Emphasis added). As such, this order cannot be construed as denying UPS's request for attorney's fees under Rule 11.

Moreover, other matters lead us to conclude that this is not an appropriate case in which we should exercise good cause to consider this appeal. Specifically, the record on appeal omits a number of documents that UPS attempts to rely upon in its brief. Rule 24 of the Tennessee Rules of Appellate Procedure provides the guidelines as to what should be included in the appellate record, including "all papers filed in the trial court" except those excluded by the rule. Tenn. R. App. P. 24(a). Rule 24 also specifies that

> If less than the full record on appeal as defined in this subdivision is deemed sufficient to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal or if a party wishes to include any papers specifically excluded in this subdivision, the party shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the record the appellant intends to include on appeal, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. If the appellee deems any other parts of the record to be necessary, the appellee shall, within 15 days after service of the description and declaration, file with the clerk of the trial court and serve on the appellant a designation of additional parts to be included. All parts of the record described or designated by the parties shall be included by the clerk of the trial court as the record on appeal.

*Id.* Rule 24 further provides that "[i]f any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth." Tenn. R. App. P. 24(e).

The record on appeal contains no designation by Plaintiff asserting that less than the full record is necessary. Yet, the record omits certain documents that should have been included, such as an October 17, 2022 order extending the time for discovery, the memorandum in support of UPS's motion for summary judgment, and other papers filed by the parties. So then, orders and pleadings critical to the two issues on appeal are missing from the appellate record.

In an attempt to ameliorate these omissions, UPS has attached several documents, as well as transcripts from various motion hearings, to its brief as an appendix.[6] This is not the proper procedure. "Simply attaching a document to an appellate filing will not serve to place it in the record on appeal, especially when it was not part of the record of the trial court proceedings." *In re Bernard T.*, 319 S.W.3d 586, 591 n.3 (Tenn. 2010) (citing *UT Med. Group, Inc. v. Vogt*, 235 S.W.3d 110, 122 (Tenn. 2007)). Rather, when documents that could have been included are omitted from the record, the proper procedure is to

---

[6] The purported appendix does not include an order adjudicating UPS's renewed motion for sanctions.

supplement the record in accordance with Rule 24(e). *Id.*; *see also* **State v. Williamson**, No. M2010-01978-CCA-R3-CD, 2012 WL 850711, at *14 (Tenn. Crim. App. Mar. 13, 2012) ("Appellant may reproduce and attach as an appendix to her brief those parts of the appellate record she deems essential for the Court to read in order to determine the issues raised. However, the documents Appellant attached are not part of the actual record received from the trial court and, therefore, cannot be considered by this Court as part of the official record on appeal."). And our rules certainly do "not contemplate attaching a transcript of proceedings to a brief when the transcript has not been made a part of the record." **State v. Matthews**, 805 S.W.2d 776, 784 (Tenn. Crim. App. 1990).

Thus, while Plaintiff has attempted to appeal a non-final judgment, UPS has attempted to rely on documents that were not properly part of the record rather than supplement the record under Rule 24(e). Under these circumstances, we conclude that no good cause exists to consider this appeal despite the clear procedural issues that plague it. In the absence of a final, appealable order, this Court lacks subject matter jurisdiction to consider this appeal. This appeal is therefore dismissed.

### III. CONCLUSION

This appeal is dismissed, and this cause is remanded to the trial court for all further proceedings necessary and consistent with this Opinion. Costs of this appeal are taxed one-half to Appellant Chauncey Hopkins, and one-half to Appellee United Parcel Service, Inc., for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE